IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER B. EPPS, §<br>  #10095-042, §<br>         PLAINTIFF, §<br>         §<br>v. § CIVIL CASE NO. 3:22-CV-623-S-BK<br>         §<br>JEREMY GORDON, ET AL., §<br>         DEFENDANTS. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On March 17, 2022, Christopher B. Epps, a federal prisoner at the FCI in Seagoville, Texas, filed a *pro se* complaint against Attorney Jeremy Gordon, of Mansfield, Texas, and his law practice. Doc. 1 at 1. Epps asserts that on April 17, 2020, he retained Gordon to investigate his cooperation with the Government in *United States v. Epps*, No. 3:14-CR-00111 (S.D. Miss. 2017), and to pursue Rule 35(b) negotiations with the Government. Doc. 1 at 6-7. Epps states that he paid Gordon $3,000 in attorney's fees. Doc. 1 at 5. He further contends that Gordon filed only an inquiry letter with the U.S. Attorney's Office but otherwise failed to engage in further discussions with the Chief of the Criminal Division of the U.S. Attorney's Office. Doc. 1

at 5, 7; Doc. 1 at 8 (alleging Gordon failed to establish a "bona fide 'contact'" with the Criminal Chief of the U.S. Attorney's Office as required under their contract).

Epps now sues Gordon for "Breach of Contract, Legal Malpractice, Malfeasance, Misfeasance, Misrepresentation, Fraud, and Deceptive Trade Practices." Doc. 1 at 1. He asserts the Court has subject matter jurisdiction under 18 U.S.C § 3731. Doc. 1 at 2, 6. He also makes mere mention of "violations involving Interstate Commerce" that resulted in a "Constitutional violation[.]" Doc. 1 at 3. With the complaint, Epps includes a form *Civil Rights Complaint pursuant to 28 U.S.C. § 1331 (Federal Prisoner)*, Doc. 1 at 33, in which he summarizes his claims as follows:

> Defendant (Attorney) executed a Contract to represent RULE 35(b) negotiations with the Government, to which, fees were collected as paid in Interstate Commerce, and all such representation was subsequently neglected upon grounds of Malpractice, Malfeasance, Misfeasance, Misrepresentation, Neglect, Fraud, and Acts of Deceptive Trade Practices resulting in Constitutional violations of this Plaintiff. Civil Complaint and Lawsuit qualify upon federal jurisdiction and seek Court's Order to Proceed To Jury Trial.

Doc. 1 at 37.

Epps states that the is "[s]eeking [a] Jury Trial to pursue DAMAGES for BREACH OF CONTRACT." Doc. 1 at 38. He seeks $1,500,000 in compensatory and punitive damages, respectively, and $250,000 in costs. Doc. 1 at 19. Epps maintains that he has suffered the following injuries as a result of the breach of contract:

> languish in prison, away from family and career, and suffering from loss of freedom, for a period now closing, in on two ( 2) years, and upon such neglect, resulting in this Plaintiff contracting a severe case of C.OVID-19 due to prison confinement, causing Plaintiff to suffer, unnecessarily, a near-death experience due to remaining in prison after executing this Contract toward negotiated relief, Three (3) months before contracting OOVID-19 in prison.

Doc. 1 at 7.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

## II. ANALYSIS

Although Epps paid the filing fee, the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Moreover, "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The Court liberally construes Epps' complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Epps has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case does not support federal question jurisdiction, as Epps does not allege any constitutional or federal statutory violation. At best, he alleges only state law breach of contract claims. Moreover, Epps' fleeting mention of unspecified constitutional and interstate commerce violations is insufficient to invoke the Court's federal question jurisdiction. Doc. 1 at 3. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction"); *see also Deutsche Bank Nat'l Trust v. Broussard*, No. 13-CV-1400, 2013 WL 3185919, at *2 (N.D. Tex. June 24, 2013) (Lynn, J.) (adopting magistrate judge's dismissal recommendation because "vague references to various federal statutes . . . are insufficient to support the exercise of federal question jurisdiction").

Likewise, the mere fact that Epps presents some of his allegations on the form titled *Civil Rights Complaint pursuant to 28 U.S.C. § 1331* does not provide a sufficient basis for federal question jurisdiction. Further, 18 U.S.C. § 3731, which governs appeals by the United States in criminal cases, simply does not apply in this civil action.

Additionally, Epps does not plead the existence of facts establishing subject-matter jurisdiction on the basis of diversity, which requires complete diversity of citizenship and a good faith claim for damages in excess of $75,000. 28 U.S.C. § 1332. Even if there is complete

diversity of citizenship among the parties, it is clear that Epps has arbitrarily alleged an excessive amount in damages to meet the jurisdictional amount in controversy. Doing so is prohibited and goes against the limited scope and purpose of the doctrine of diversity jurisdiction established by the United States Supreme Court. *See Thomson v. Gaskill*, 315 U.S. 442, 447 (1942); *see also Harris v. Illinois Cent. R. Co.,* 220 F.2d 734, 736 (5th Cir. 1955) (amount of damages for federal jurisdictional purposes must be estimated in good faith). As mentioned *supra*, Epps requests $1,500,000 in compensatory and $1,500,000 in punitive damages for breach of a $3,000 contract. He presents no plausible facts that support seeking such a large sum of compensatory and punitive damages.

In addition, because the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims Epps may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Epps in his complaint clearly demonstrates a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, Epps' complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on August 22, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).